# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6608 | DATE | 8/18/2003 |
| CASE TITLE | Terrence Ingram vs. Corporate Receivables, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Plaintiff's motion for class certification [doc. # 5] is GRANTED as to CRI and DENIED as to OSI. The Court hereby certifies the following class under Rule 23(b)(3) for liability and damages on the claim against CRI: All natural persons with Illinois addresses who were sent a letter in the form represented by Exhibit G to the complaint, seeking to collect an amount allegedly owed to Household, on or before a date one year prior to the filing of this action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 34 |
| | Copy to judge/magistrate judge. | 8/18/2003 | |
| | | date mailed notice | |
| JJK courtroom deputy's initials | | JJK77 | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRENCE INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 6608 |
| vs. ) | |
| ) | Magistrate Judge Schenkier |
| CORPORATE RECEIVABLES, INC., ) | |
| and OSI COLLECTION SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
AUG 19 2003

## MEMORANDUM OPINION AND ORDER

On September 17, 2002, the plaintiff, Terrence N. Ingram, filed a two-count complaint against OSI Collection Services, Inc. ("OSI") and Corporate Receivables, Inc. ("CRI") under the Fair Debt Collection Practices Act ("the FDCPA" or "the Act"), 15 U.S.C. § 1692, *et seq*. The claims set forth in the complaint arise out of certain letters sent by OSI and CRI to collect a debt allegedly owed by Mr. Ingram. In Count I, the plaintiff claims that OSI sent a series of six collection letters which violated 15 U.S.C. § 1692e and/or 1692g of the FDCPA. In Count II, the plaintiff claims that CRI sent one letter that violated Section 1692a. On October 28, 2002, OSI answered the complaint (doc. # 7). On December 17, 2002, CRI moved to dismiss the complaint (doc. # 18). This Court granted the motion to dismiss the claim that CRI had violated Section 1692g(a)(3) of the Act, but denied the motion as to the allegation that CRI had failed to clearly state the amount of the debt due, in violation of Section 1692g(a)(1). *Ingram v. Corporate Receivables, Inc.*, No. 02 C 6608, 2003 WL 21018650 (N.D. Ill. May 5, 2003).

Now pending before the Court is the plaintiff's motion for class certification (doc. # 5), which asks the Court to certify a class on the claim against CRI consisting of "(a) all natural persons

34

(b) with Illinois addresses (c) who were sent a letter in the form represented by Exhibit G [to the complaint], (d) seeking to collect on an amount allegedly owed to Household (e) on or after a date one year prior to the filing of this action" (Pl.'s Motion, at 1-2).[1] CRI has declined to file any opposition to plaintiff's motion for class certification: CRI states that "it does not consent to class certification, but rather leaves it to the Court's discretion to determine if class certification is appropriate" (doc. # 31: CRI's Response to Pl.'s Motion, at 1). For the reasons set forth below, the Court grants the plaintiff's motion for class certification under Fed. R. Civ. P. 23(b)(3).[2]

I.

To certify a class under Fed. R. Civ. P. 23(b), a plaintiff must first prove the existence of all four prerequisites set forth in Rule 23(a). Next, the plaintiff must satisfy one of the requirements set forth in Rule 23(b). *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996). The burden of proof to meet all the requirements of Rule 23 rests with the plaintiff, *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162 (1982), and the failure to satisfy these requirements precludes certification of a class. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). "[T]he court maintains broad discretion to determine whether a proposed class satisfies the requirements and should err in favor of maintaining class actions." *Guillory v. Am. Tobacco Co.*, 2001 WL 290603, at *2 (N.D. Ill. March 20, 2001) (citing *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980)).

---

[1] The motion for class certification also asks that two classes be certified against OSI (*see* Pl.'s Motion at 1). However subsequent to the motion for class certification, OSI filed a petition for bankruptcy and, as a result, all proceedings in this action have been stayed as to OSI (doc. # 30). Accordingly, the Court denies plaintiff's motion for class certification as to OSI without prejudice.

[2] On December 16, 2002, by consent of the parties and pursuant to 28 U.S.C. § 636(c), the case was reassigned to this Court for all proceedings, including the entry of final judgment (doc. ## 14-17).

In considering a motion for class certification, the Court must accept the allegations in the complaint as true, and must not decide the outcome based on the merits of the claim. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 177 (1974). "[N]othing in either the language or the history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action.") *Id.* A meritorious claim may be resolved adversely to the plaintiffs after a court certifies a Rule 23 class, resulting in a *res judicata* effect on the class. *See Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995). Thus, "while the 'boundary between a class determination and the merits may not always be easily discernable,' . . . because the Court's certification decision depends on factors 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' . . . it nonetheless is a boundary that must be respected.'" *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *9 (N.D. Ill. Oct. 19, 2001) (quoting *Retired Chicago Police Ass'n.*, 7 F.3d at 598-599).

## II.

The prerequisites to class certification under Rule 23(a) are numerosity, commonality, typicality and adequacy of representation. We will address each of those elements below, in turn, but before doing so, we note that there are two implied prerequisites to class certification that must be satisfied prior to addressing the issues raised by Rule 23(a). *First*, the class must be sufficiently defined so that the class is identifiable. *Second*, the named representatives must fall within the proposed class. *Rahim*, 2001 WL 1263493, at *10 (quoting *Guillory*, 2001 WL 290603, at *2). In this case, these two prerequisites are met. The proposed class is defined with enough specificity to allow the Court to "determine whether a particular individual is a member of the proposed class," and is not overly broad. *Guillory*, 2001 WL 290603, at *2. Moreover, the named plaintiff in this

3

case falls within the definition of the proposed class: he allegedly received the form letter, set forth in Exhibit G to the complaint, that is the subject of the class claim plaintiff seeks to pursue against CRI. With these prerequisites satisfied, we now examine the four requirements under Rule 23(a).

### A. Numerosity

A prerequisite to class certification is that a proposed class is "so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1). There is no set number required to fulfill the numerosity requirement. *Keele v. Wexler*, No. 95 C 3483, 1996 WL 124452, at *2 (N.D. Ill March 19, 1996), *aff'd* 149 F.3d 589 (7th Cir. 1998); in a given case, 40 or fewer putative class members can be sufficient. *See Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Moreover, the precise number of putative class members need not be known. A plaintiff can offer good faith estimates of class size if the specific number of class members may be difficult to assess, and the Court may use "common sense assumptions" to determine the validity of those estimates. *Rahim*, 2001 WL 1263493, at *12.

The plaintiff here offers no specifics as to the number of individuals who allegedly received the type of form letter that is the basis of the claim against CRI. Rather, the plaintiff asks the Court to infer numerosity because a company the size of CRI (according to CRI's DUNN & BRADSTREET report, it employs 85 persons and has revenues of $9 million per year) likely would send out this standard form letter on behalf of a large client to more than 20 to 40 persons in a given year (Pl.'s Mot., at 4). These kinds of extrapolations have been used by other courts in deciding that the numerosity requirement has been meet. *See Davis v. Suran*, No. 98 C 0656, 1998 WL 474105, at *2 (N.D. Ill. Aug. 3, 1998) (using a defendant's 10-K Form to determine the size of the company and the approximate frequency of transactions at issue); *Sledge v. Sands*, 182 F.R.D. 255, 258 (N.D. Ill.

1998) (considering the agency's size in determining the frequency with which letters would be sent); *Carr v. Transunion Corp.*, C.A. 94-22, 1995 WL 20865 at *1 (E.D. Pa. Jan. 12, 1995) (inferring numerosity from the use of form collection letters).

In this case, we are puzzled that the plaintiff has not provided more specificity as to the number of putative class members. Discovery has been completed, and the plaintiff presumably has had the opportunity to determine how many of these letters were sent in the year prior to the filing of this lawsuit, and to whom. That said, we do believe it reasonable to make the "common sense assumption" that in a state such as Illinois, a company such as CRI likely would send letters of the type set forth in Exhibit G to the complaint to as many as 40 people within a particular 12-month period. We draw further confidence in this assumption from the fact that CRI has chosen not to offer any argument or evidence to the contrary. In these circumstances, we believe it appropriate to resolve any questions on numerosity in favor of the plaintiff. *See Evans v. U.S. Pipe & Foundry, Co.*, 696 F.2d 925, 930 (11th Cir. 1983) (noting that some cases have held that "where the numerosity question is a close one, a balance should be struck in favor of a finding of numerosity, since the Court has the option to decertify pursuant to Rule 23(c)(1)").

### B. Commonality

Rule 23(a)(2) requires a plaintiff to prove that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Where a question of law refers to a standardized conduct of the defendants toward members of a proposed class, a common nucleus of operative facts is typically presented and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1994) (citing *Katz v. Carte Blanche Corp.*, 52 F.R.D. 510, 514 (W.D. Pa. 1971)); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Not all factual or

legal questions raised need to be common, so long as a single issue is common to all class members. *Spencer v. Central States Pension Fund*, 778 F. Supp. 985, 989 n.2 (N.D. Ill. 1991). And, claims arising out of standard documents present a "classic case for treatment as a class action." *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 121 F.R.D. 664, 668 (N.D. Ill. 1998).

In this case, there plainly are questions of law and fact common to the class. The claims in this case all depend on whether a standard form of letter violates Section 1692g(a)(1) of the Act by failing to clearly describe the amount of the debt allegedly due. The plaintiff has satisfied the commonality requirement.

### C. Typicality

Rule 23(a)(3) requires the claims of the representative parties to be typical of the claims of the class as a whole. A plaintiff's claim is typical "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *See, e.g., De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *see also Riordan v. Smith Barney*, 113 F.R.D. 60, 63 (N.D. Ill. 1986). Here, the letter that plaintiff claims he received, and that he claims violates the FDCPA, is of the same form that CRI allegedly sent to all the putative class members. CRI's alleged conduct as to each plaintiff is thus the same, as is the legal theory underlying the plaintiffs' FDCPA claim. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Thus, plaintiff has met the typicality requirement. *Id.*

### D. Adequacy

The Supreme Court has consistently held that a class representative must "possess the same interest and suffer the same injury" as others in the class. *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982); *East Texas Motor Freight Sys. Inc., v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216 (1974)). To ensure that the representative party will fairly and adequately protected the interests of the class, the Court considers whether: (1) the plaintiff has claims antagonistic to the interests of the class, (2) the plaintiff has sufficient interest in the litigation to provide an incentive for effective advocacy of the case, and (3) the plaintiff's counsel is competent to pursue the action on behalf of the class. *Retired Chicago Police Ass'n*, 7 F.3d at 598.

Here the Court has been presented with nothing to suggest that plaintiff has interests antagonistic to those of the class (as our findings on commonality and typicality suggest), or that he has an insufficient stake in the case to pursue it vigorously. Nor can there be any dispute that class counsel is highly experienced in this genre of litigation (class actions under the FDCPA). The plaintiff has met the requirements of Rule 23(a)(4).

### III.

We now turn to the requirements of Rule 23(b)(3), which permit class certification when "the Court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The rule thus requires two findings: "predominance of common questions over individual questions and

superiority of the class action mechanism." *Rahim*, 2001 WL 1263493, at *16. We consider each point in turn.

### A.

The predominance element clearly is met here. The common nucleus of operative fact in this case concerns one particular form of letter sent by CRI. The central legal issue is whether the text of that letter violates the FDCPA. When standardized documents are at issue, class actions are generally appropriate because the document is the focal point of analysis. *Haroco*, 121 F.R.D. at 669; *see also, Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, 673-76 (N.D. Ill. 1989). This is true even though the nature and amount of damages may differ among members of the class, *Id.* And, here, even that is not a consideration, as the FDCPA establishes a set range of damages that can be awarded to plaintiffs as a group in a class action. *See* 15 U.S.C. §§ 1692k(a)(2)(B) and (6)(2).

### B.

The plaintiff also has established the superiority of the class action mechanism. Matters pertinent to a finding that the class action mechanism is superior to multiple individual determinations include: "(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (d) the difficulties likely to be encountered in the management of a class action." *Rahim*, 2001 WL 1263493, at *15.

The Court finds that these factors all support class certification. The damage claims of individual class members would be individually small, thus giving them a limited interest in individually controlling the prosecution of separate actions; on the other hand, providing one action in which these individually small claims may be collected and addressed advances a fundamental purpose of the class action vehicle. *See Philips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985) ("class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually"). The parties have not made the Court aware of any litigation that already exists between members of the putative class and CRI regarding the matters presented in this case. Moreover, given that the putative class consists of persons with addresses throughout the state of Illinois who received the same form of letter, the interests of judicial economy and avoiding duplicative litigation and potentially inconsistent results underscores the desirability of concentrating the claims in one forum. Finally, Congress has expressly recognized the utility of the class action vehicle in cases brought under the FDCPA, by providing special statutory provisions governing damages in class actions under the Act. *See* 15 U.S.C. § 1692k(a)(2)(B) and (b)(2). Not surprisingly, numerous FDCPA claims have been certified as class actions in this district. We see nothing about this case suggesting that there are unusual difficulties that would be encountered in managing a class action that would militate against certification.

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for class certification (doc. # 5), and hereby certifies the following class under Rule 23(b)(3) for liability and damages:

> All natural persons with Illinois addresses who were sent a letter in the form represented by Exhibit G to the complaint, seeking to collect an amount allegedly owed to Household, on or after a date one year prior to the filing of this action.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**Dated: August 18, 2003**